UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tandberg Data, Inc.,

Plaintiff,

v.

Breece Hill Technologies, Inc.,

Defendant.

Civil File No. 00-1669 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff Tandberg Data, Inc.'s Motion for Summary Judgment. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

This is a contract case involving the sale of professional tape information storage drives. The facts are largely undisputed. Plaintiff Tandberg Data, Inc. ("TDI") is a California corporation engaged in the manufacture and sale of professional tape information storage drives. Defendant Breece Hill Technologies, Inc. ("BHT") is a Delaware corporation engaged in the computer data storage and retrieval technology business. For the last two years, BHT has experienced financial difficulties.

Between October 1999 and March 2000, TDI sold BHT several tape drives. BHT accepted the tape drives and has never complained that they were non-conforming or in any way defective. Indeed, "BHT does not dispute [TDI's] right to compensation for the tape

FILED MAR 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

drives received by BHT." (Def.'s Mem. in Opp'n Sum. J. at 3.)

On November 16, 1999, the parties entered into a written Purchase Agreement (the "Agreement"), governing the terms of BHT's purchases of TDI's drives. The Agreement specifies that payments for the tape drives are due in full within thirty days of the invoice date. Nevertheless, it is undisputed that BHT has not paid for any of the tape drives. As a result, TDI claims that BHT owes TDI in excess of $810,968.54 plus interest. According to BHT, however, in December 1999, TDI assured BHT that because TDI's parent company, Tandberg Data ASA ("Tandberg Data"), was going to purchase BHT, BHT's purchase of the tape drives would be reconciled as an intracompany transfer. That is, BHT would never have to actually pay for the tape drives. Tandberg Data's proposed purchase of BHT never went through, however.[1] BHT contends that even though the sale was thwarted, TDI should stand by its representation, and BHT should not have to pay for the tape drives.

On July 12, 2000, TDI commenced this lawsuit claiming breach of contract and unjust enrichment. In its Answer, BHT raised a counterclaim based on promissory estoppel, alleging that TDI persuaded BHT not to take steps to alleviate its dire financial condition, i.e., by subleasing floor space and reducing its sales force, and that BHT relied on TDI's representations to its detriment. TDI now moves for summary judgment on its breach of contract claim.

---

[1] The foiled purchase is the subject of another lawsuit before the Court, Global Maintech, Inc. v. Tandberg Data ASA, Civil File No. 00-1475 (PAM/JGL). Although the two cases have been consolidated for discovery purposes, they are not otherwise consolidated.

## DISCUSSION

### A. Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quotation omitted).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enterprise Bank, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik, 47 F.3d at 957.

**B. Merits**

TDI argues that it is entitled to summary judgment on its breach of contract claim because BHT has admittedly failed to comply with the Agreement's requirement that BHT pay for the tape drives within thirty days of invoice date. (See Agreement § 2.2.) In response, BHT argues that TDI's oral representation–that BHT's purchase of the tape drives would be reconciled as an intracompany transfer–superseded the Agreement such that BHT is not required to pay for the tape drives.

TDI argues that the resolution of this issue is dictated by the parol evidence rule. Under California law,[2] the parol evidence rule bars the admission of extrinsic evidence to vary, alter, or add to the terms of an unambiguous and fully integrated written instrument. Hayter Trucking, Inc. v. Shell Western E&P, Inc., 22 Cal. Rptr. 2d 229, 237 (Cal. Ct. App. 1993). However, the parol evidence rule applies only to prior or contemporaneous negotiations or agreements, not to agreements entered into after the formation of a written instrument. See Marani v. Jackson, 228 Cal. Rptr. 518, 521 (Cal. Ct. App. 1986); see also Cal. Civ. Code § 1625 (providing that a contract in writing "supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."); Cal. Civ. Proc. Code § 1856 ("Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included

[2] Pursuant to section 7.2 of the Agreement, California law applies in this case. (See Supp. Griffin Aff., Ex. 4.)

therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.")

In this case, TDI made the alleged promise approximately one month after the parties signed the Agreement. (See Watson Decl. ¶ 6.) Therefore, the parol evidence rule does not apply. Furthermore, the Agreement does not expressly foreclose subsequent oral modifications to the contract. As such, the Court may consider TDI's alleged promise to write off the tape drive purchases in determining whether summary judgment is appropriate. Although the exact circumstances surrounding the alleged promise have not been disclosed, the Court finds that the promise operates to render summary judgment inappropriate. Simply put, if TDI did make such a representation, BHT's failure to pay the invoice amounts would not necessarily be a breach of the agreement between the parties. Accordingly, TDI's Motion is denied.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court denies TDI's Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Tandberg Data, Inc.'s Motion for Summary Judgment (Clerk Doc. No. 18) is **DENIED**.

Dated: March 26, 2001

Paul A. Magnuson
United States District Court Judge